UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Hauss,<br><br>              Plaintiff,<br><br>       v.<br><br>Home Depot U.S.A., Inc., and Kimco Realty Co.,<br><br>              Defendants. | No. 2:23-cv-01138-KJM-JDP<br><br>ORDER |

In this personal injury action, plaintiff Thomas Hauss moves to remand this case to state court. For the reasons below, the court **grants** the motion.

I.  **BACKGROUND**

On May 15, 2023, plaintiff served both defendants Kimco Realty Corporation and Home Depot U.S.A., Inc. with the summons and complaint. Kohls Decl. ¶ 2, ECF No. 10-1; *see also* Notice of Removal ¶ 4, ECF No. 1. On June 14, 2023, Kimco timely removed this action based on diversity jurisdiction. Notice of Removal. Kimco did not address whether Home Depot consented to removal. *See generally id.* Seven days later, on June 21, 2023, Home Depot filed an answer. Answer, ECF No. 4. The next day, this court remanded the case after finding removal was improper because not all defendants had consented to removal. *See* Prior Order (June 22, 2023), ECF No. 5. That same day, Home Depot filed a notice of consent to removal, Notice, ECF

1

1  No. 6, and Kimco filed an amendment to its notice of removal. Am., ECF No. 7. Because the
2  court concluded it lacked the authority to "remand a case *sua sponte* for procedural defects,"
3  *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017), the court rescinded and vacated
4  its prior order, Prior Order (June 27, 2023), ECF No. 9.

5  Plaintiff now moves to remand. Mot. Remand, ECF No. 10. Kimco opposes, Opp'n, ECF
6  No. 14, and plaintiff has replied, Reply, ECF No. 15. Home Depot has joined in the opposition.
7  *See* Opp'n at 10.[1]

8  **II.    DISCUSSION**

9  A defendant may generally remove a case from state court to the federal district court that
10 has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). However, jurisdiction
11 "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*
12 *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "In general, removal statutes are strictly construed
13 against removal . . . and any doubt is resolved against removability." *See Luther v. Countrywide*
14 *Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

15 Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and
16 served must join in or consent to the removal of the action." Each defendant has "30 days after
17 receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of
18 removal." 28 U.S.C. § 1446(b)(2)(B). The failure to join or obtain consent from all proper
19 defendants is a procedural defect. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th
20 Cir. 1988). A motion to remand based on a procedural defect must be made within 30 days of
21 removal, 28 U.S.C. § 1447(c); otherwise, the procedural defect can be waived by failure to make
22 timely objections, *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

23 Here, plaintiff timely moved to remand. *See* Remand. He argues, because "Kimco did
24 not attest to Home Depot's consent" and Home Depot did not timely consent to removal, remand
25 is mandatory. Mot. at 1–2. Kimco concedes its notice of removal is procedurally defective, but
26 argues remand is not mandatory because Home Depot's late consent can cure the defect. Opp'n

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

at 5. The question before the court is whether a co-defendant's consent to removal 30 days after the statutorily authorized removal timeframe can cure a procedural defect in a timely filed notice of removal. It cannot.

Kimco first asserts "[n]on-removing defendants may express their consent to removal in a variety of ways, as long as they manifest consent within the statutory period." Opp'n at 5. For example, Kimco points out Home Depot's answer filed in this court can be construed as consent to removal. *Id.* at 6. The court does not disagree with this proposition; however, here, the non-removing defendant did not express consent within the statutory period. But Kimco goes further. It also argues the procedural defect can be cured even if the non-removing defendant manifests consent outside the statutory period, relying on some supporting authorities. *Id.* at 7.

Courts are split as to when a non-removing defendant's consent must be filed for it to be timely. *See Palmeira v. CIT Bank, N.A.*, No. 17-00275, 2017 WL 4797515, at *3–6 (D. Haw. Oct. 24, 2017) (noting conflicting law). Citing the Ninth Circuit's decision in *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or consent of all defendants after the removal period. *See, e.g.*, *Wang v. BB Wells Inv. Inc.*, No. 21-04624, 2022 WL 1165947, at *3 (C.D. Cal. Apr. 19, 2022) (collecting cases). In *Destfino*, the Ninth Circuit noted "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d at 956–57. Others, however, have recognized *Destfino* was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period. *See, e.g.*, *Palmeira*, 2017 WL 4797515, at *3, 6. "[T]he Ninth Circuit has not weighed in after the 2011 amendments to § 1446." *Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 23-233, 2023 WL 3451987, at *3 (D. Or. May 15, 2023).

Before the 2011 amendments to the removal statute, the rule of unanimity was a judge-made rule rather than a statutory command. *See Paws Up Ranch, LLC v. Altium Dev. Grp., LLC*, No. 14-01407, 2014 WL 7240153, at *3 (D. Nev. Dec. 18, 2014). However, the 2011 amendments "codified the rule of unanimity." *Prior v. Safeco Ins. Co. of Am.*, No. 23-00021,

3

2023 WL 3720649, at *2 (W.D. Wash. May 30, 2023). Thus, the court is bound by the clear language of the statute. *Id.*; *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021) ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service."). The removal statute specifically states "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). The 30-day time limit is mandatory. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013). However, there is one way a defendant may get around the 30-day removal period: "if defendants are served at different times," then an earlier-served defendant may consent to a notice of removal filed by a later-served defendant, even if the earlier served defendant did not timely seek removal. 28 U.S.C. § 1446(b)(2)(C). The statute does not provide for any other exceptions.

Because the removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand, *see Luther*, 533 F.3d at 1034, the court joins with district courts that have found the procedural defect in question cannot be cured after the 30-day removal period has run, *see, e.g.*, *Lopez v. Michael Weinig, Inc.*, No. 20-6012, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020). Here, both defendants were served at the same time. Home Depot's consent was filed after the 30-day removal period. Kimco's purported curative amendment to the notice of removal also was filed after the 30-day removal period. The court finds Kimco's notice of removal was procedurally defective and the defect was not timely cured. Accordingly, the court **grants** the motion to remand.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Here the court finds Kimco had an objectively reasonable basis for removal based on diversity jurisdiction. Moreover, the court recognizes the caselaw on timeliness of consent to

4

removal is unsettled.  *See Ray*, 2023 WL 3451987, at *3 (noting because law is unsettled, "courts select various dates as the deadline for consent").  Accordingly, the court **declines** to award fees and costs.

### III.   CONCLUSION

For the reasons above, the court **grants** plaintiff's motion to remand.  The Clerk of the Court is directed to **remand** this case to the Superior Court for the State of California in and for the County of Sacramento, and to **close** this case.

This order resolves ECF No. 10.

IT IS SO ORDERED.

DATED:  August 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE